# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                               Plaintiff,<br>         vs.<br>JESUS MARIO SERRANO-PEREZ,<br><br>                               Defendant. | CASE NO. 15CR0286/16CV1716-LAB<br><br>**ORDER DENYING MOTION TO VACATE SENTENCE** |

     Jesus Mario Serrano-Perez pled guilty to illegally reentering the United States in violation of 8 U.S.C. § 1326, and was to sentenced to 72 months in September 2015. His sentence was enhanced because he had previously been convicted of a "crime of violence." *See* United States Sentencing Guidelines (USSG), § 2L1.2, n. 1(B)(iii) (defining the term). Serrano-Perez waived his right to appeal in exchange for sentencing concessions from the government, so his sentence became final when the Court signed the Judgment on September 14, 2015.

     Serrano-Perez has now filed a motion under 28 U.S.C. § 2255 to vacate the sentence. He contends that the Supreme Court's recent ruling in *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015) requires that the sentence be vacated.  In *Johnson*, the Court held that part of the Armed Career Criminal Act, 18 U.S.C. § 924(e) – in particular, language in the so-called "residual clause" that authorized a sentence enhancement based on a finding that a defendant's prior conviction "present[ed] a serious potential risk of

physical injury to another" – was unconstitutionally vague and couldn't be relied on to enhance a sentence. But the holding in *Johnson* doesn't implicate the definition of "crime of violence" as used in section 2L1.2 of the Sentencing Guidelines, which does not include the residual clause language. Instead, section 2L1.2's definition authorizes a sentence enhancement when the defendant has either been convicted of certain enumerated offenses or of any offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another." Enhancing a defendant's sentence based on his prior conviction is proper when the elements of the prior conviction match the generic definition of a "crime of violence" under federal law. *Taylor v. United States*, 495 U.S. 575, 602 (1990).

Before he was sentenced in this case, Serrano-Perez was convicted of inflicting corporal injury on a spouse in violation of California Penal Code § 273.5(a), PSR[1] at 7. The elements of that crime categorically match the elements of the crime of violence definition under section 2L1.2. *Banuelos-Ayon v. Holder*, 611 F.3d 1080, 1083-84 (9th Cir. 2010). *See also United States v. Ayala-Nicanor*, 659 F.3d 744, 752 (9th Cir. 2011) (holding that § 273.5 is a categorical crime of violence under the force clause of the illegal reentry guidelines, § 2L1.2); *United States v. Laurico-Yeno*, 590 F.3d 818, 823 (9th Cir. 2010) (same).

*Johnson* is inapposite to Serrano-Perez's case – the Court didn't rely on any version of any "residual clause" in imposing his sentence. His motion is **DENIED**.

**IT IS SO ORDERED**.

DATED: October 27, 2016

**HONORABLE LARRY ALAN BURNS**
United States District Judge

---

[1] "PSR refers to the Presentence Report filed in Serrano-Perez's case on May 26, 2015.