# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 16cv1716-LAB/ 15cr0286-LAB |
|---|---|
| Plaintiff, | |
| vs. | **ORDER DENYING CERTIFICATE OF APPEALABILITY** |
| JESUS MARIO SERRANO-PEREZ aka ARIEL SALDOVAR-PEREZ, aka ARIEL SALVODAR-PERE, | |
| Defendant. | |

In accordance with 28 U.S.C. § 2255 and *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997), the Court declines to issue a certificate appealability in this case.

Defendant Serrano-Perez pled guilty to illegally reentering the United States in violation of 8 U.S.C. § 1326 and was sentenced to 72 months in custody in September 2015. His Guideline offense level was enhanced because he had previously been convicted of a "crime of violence." *See* United States Sentencing Guidelines (USSG), § 2L1.2, n. 1(B)(iii) (defining the term). Serrano-Perez waived his right to appeal in exchange for sentencing concessions from the government, so his sentence became final when the Court signed the Judgment on September 14, 2015.

Serrano-Perez subsequently filed a motion under 28 U.S.C. § 2255 to vacate his sentence. He contended that the Supreme Court's ruling in *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015) requires that his sentence be vacated because the definition

of "crime of violence" is unconstitutionally vague. In *Johnson*, the Court held that part of the Armed Career Criminal Act, 18 U.S.C. § 924(e) – in particular, language in the so-called "residual clause" that authorized a sentence enhancement based on a finding that a defendant's prior conviction "present[ed] a serious potential risk of physical injury to another" – was unconstitutionally vague and couldn't be relied on to enhance a sentence. 135 S. Ct. at 2562.

On October 27, 2016, the Court denied Serrano-Perez's motion to vacate his sentence. In a written order, the Court held *Johnson* doesn't implicate the definition of "crime of violence" as used in section 2L1.2 of the Guidelines, which does not include the residual clause language. Instead, section 2L1.2's definition authorizes a sentence enhancement when the defendant has either been convicted of certain enumerated offenses or of any offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another." Serrano-Perez had been convicted of inflicting corporal injury on a spouse in violation of California Penal Code § 273.5(a), PSR[1] at 7. The elements of that crime categorically match the elements of the crime of violence definition under the federal law. *Banuelos-Ayon v. Holder*, 611 F.3d 1080, 1083-84 (9th Cir. 2010). *See also United States v. Ayala-Nicanor*, 659 F.3d 744, 752 (9th Cir. 2011) (holding that § 273.5 is a categorical crime of violence under the force clause of the illegal reentry guidelines, § 2L1.2); *United States v. Laurico-Yeno*, 590 F.3d 818, 823 (9th Cir. 2010) (same). The Court concluded that Serrano-Perez's sentence was properly enhanced because the elements of his prior offense matched the generic definition of a "crime of violence" under federal law. *Taylor v. United States*, 495 U.S. 575, 602 (1990). In sum, the Court held that *Johnson* was inapposite to Serrano-Perez's case because the Court had not relied on any version of a "residual clause" in imposing his sentence.

Serrano-Perez reprised his arguments in a second motion styled as a Motion to Amend the Judgment. In all respects, the second motion advanced the same arguments the

---

[1] "PSR" refers to the Presentence Report filed in Serrano-Perez's case on May 26, 2015.

Defendant made in the earlier section 2255 motion. Based on the reasoning of the October 27, 2016 order, the Court denied Serrano-Perez's second motion on March 14, 2017.

Both previous orders denying Serrano-Perez relief were grounded on correct interpretations of law. The Court deems Defendant's appeal of those orders frivolous, and the standard for issuance of a certificate of appealability is not met. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For these reasons, the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED**.

DATED: April 17, 2017

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge